UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **CHRISTOPHER E. WASHINGTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CAUSE NO. 1:07-CV-301** |
| ) | |
| **EXPERIAN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

### I.  INTRODUCTION

Before the Court are two motions to set aside the Clerk's entry of default, one filed by Defendant GTE Mobilnet of Fort Wayne Limited Partnership d/b/a Verizon ("Verizon") (Docket # 46) and the other by Defendant Credit Acceptance Corporation ("CAC") (Docket # 51), in this civil rights case filed by *pro se* Plaintiff Christopher E. Washington under 42 U.S.C. § 1983.[1] (*See* Docket # 1.)  For the reasons given below, the motions to set aside the default will each be GRANTED.

### II.  FACTUAL AND PROCEDURAL BACKGROUND

Washington commenced this action with the filing of his complaint on November 28, 2007. (Docket # 1.)  He filed returns of service with the Court on February 14, 2008, reflecting that (1) a summons was delivered via certified mail on January 31, 2008, to Credit Acceptance, 25505 W. 12 Mile Rd., Suite 3000, Southfield MI 48037; and (2) a summons was delivered via

---

[1] Subject matter jurisdiction arises under 28 U.S.C. § 1331.   Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.1(c). *See* N.D. Ind. L.R. 72.1(c) (providing, with immaterial exceptions, that "[a] magistrate judge may hear and determine any procedural or discovery motion or other motion or pre-trial matter in a civil or criminal case").

certified mail on February 1, 2008 to Verizon Wireless/Greate L, P.O. Box 1850, Folsom CA 95763. (Docket # 20, 21.)

When the summons sent to CAC was eventually opened by one of its collection department employees, she found only a summons inside; that is, Washington's complaint was not included in the mailing. (Pollock Decl. ¶ 6.) The summons was then forwarded to CAC's corporate legal department, who contacted the district court on February 27, 2008, to inquire about the summons. (Pollock Decl. ¶ 8.) Washington's complaint was then forwarded by facsimile to CAC by the district court on that same day. (Pollock Decl. ¶ 8.)

Similarly, Verizon alleges that it did not timely receive notice of Washington's suit. (Verizon's Mot. to Vacate Clerk's Entry of Default ¶ 3.) Among other things, it states that the summons sent to Verizon Wireless/Greate L also did not contain a copy of Washington's complaint. (Verizon's Mot. to Vacate Clerk's Entry of Default ¶ 6(a).)

On February 20, 2008, Washington moved for a Clerk's entry of default against CAC and Verizon (Docket # 27) due to their failure to timely answer or otherwise respond to his complaint, which the Court granted on February 21, 2008. (Docket # 35.) The Clerk then entered a default against CAC and Verizon on February 22, 2008. (Docket # 36.)

On March 5, 2008, Verizon filed the instant motion requesting that the Court vacate the entry of default, and the next day, CAC did the same. (Docket # 46, 52.) Each explained that its failure to timely appear and answer or otherwise defend was a result of Washington's failure to effectuate proper service in that, among other things, he failed to include a copy of his complaint with the summons. (Verizon's Mot. to Vacate Clerk's Entry of Default ¶ 9; CAC's Br. in Supp. of Mot. to Set Aside Entry of Default 3.)

### III.  APPLICABLE LEGAL STANDARD

Because no judgment has been entered, the Court must consider CAC's and Verizon's motions to set aside the default in accordance with Federal Rule of Civil Procedure 55(c).  To succeed in obtaining the vacation of a default entry under Rule 55(c), each must demonstrate: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 809-10 (7th Cir. 2007); *see also Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994) (citing *United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)); *Breuer Elec. Mfg. v. Toronado Sys. of Am.*, 687 F.2d 182, 185 (7th Cir. 1982).  "The test is the same for relief under either Rule 55(c) or Rule 60(b), but is more liberally applied in the Rule 55(c) context." *DiMucci*, 879 F.2d at 1495. "Whether or not to vacate a default is in the sound discretion of the district court . . . ." *Sun*, 473 F.3d at 810.

### IV.  DISCUSSION

Washington, in his one-half page responses to the motions, does not challenge the proposition that CAC and Verizon each took quick action to correct its respective default, doing so less than two weeks following the default's entry, or that each has meritorious defenses to his complaint. (*See* Docket # 54, 57.)  Therefore, what this case comes down to is simply whether CAC and Verizon each have shown good cause for its respective default.

Washington has offered no argument that CAC and Verizon were properly served, and wisely so.  Federal Rule of Civil Procedure 4(c) provides that "[a] summons must be served with a copy of the complaint." *See also* Fed. R. Civ. P. 4(h)(1)(B).  Thus, when service was attempted by mailing only the summons, it was insufficient as a matter of law, rendering the default of

CAC and Verizon improper. As a result, each has established good cause for its respective default. *See*, *e.g.*, *Guess?, Inc., v. Chang*, 163 F.R.D. 505, 508 (N.D. Ill. 1995) (articulating that insufficient service is good cause to set aside a default); *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 684 (N.D. Iowa 1995) (same).

Accordingly, the motions to set aside the default of CAC and Verizon must be granted, and the defaults set aside.

## V. CONCLUSION

For the foregoing reasons, Defendant Credit Acceptance Corporation and Defendant Verizon have each satisfied the test for setting aside a default. Accordingly, their respective motions (Docket # 46, 51) are GRANTED, and it is ORDERED that the entry of default (Docket # 36) against them be set aside.

Enter for this 25th day of March, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge