UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

CHRISTOPHER E. WASHINGTON,   )
                              )
            Plaintiff         )
                              )
       vs.                    )   CAUSE NO. 1:07-CV-301 RM
                              )
EXPERIAN, et al.,             )
                              )
            Defendants        )

OPINION and ORDER

This cause is before the court on Christopher Washington's motion to dismiss his claims against defendant Verizon Wireless with prejudice, and on the motions of defendants Trans Union, LLC and Experian Information Solutions, Inc. to dismiss Christopher Washington's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Mr. Washington was informed of the importance of responding to the motions to dismiss, as per Lewis v. Faulkner, 689 F.2d 100 (7th Cir. 1982). On March 27 and April 9, 2008, Mr. Washington sent letters to the court asking to be allowed to proceed with his claims against Trans Union and Experian.

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim. The complaint's factual allegations will be taken as true and viewed in the light most favorable to the plaintiff when challenged by a motion to dismiss. See Scheuer v. Rhodes, 416 U.S. 232 (1974); Lachmund v. ADM Investigator Servs., Inc., 191 F.3d 777, 782 (7th Cir. 1999). A motion to

dismiss will not be granted under these circumstances unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (*citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Szumny v. American Gen. Fin., Inc., 246 F.3d 1065, 1067 (7th Cir. 2001). In a case brought by a *pro se* litigant, the complaint is held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). The Seventh Circuit has emphasized that Federal Rule of Civil Procedure 8 establishes a system of notice pleading, and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" Nance v. Vieregge, 147 F.3d 589, 590 (7th Cir. 1998) (*quoting* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). The issue on a Rule 12(b)(6) motion, then, is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Caremark, Inc. v. Coram Healthcare Corp., 113 F.3d 645, 648 (7th Cir. 1997) (*quoting* Scheuer v. Rhodes, 416 U.S. at 236).

Mr. Washington filed his *pro se* form complaint pursuant to 42 U.S.C. § 1983, alleging that Trans Union and Experian (and Verizon Wireless and three other defendants Mr. Washington has since dismissed) violated his constitutional rights by discriminating against him based on his race, sex, and religion when they didn't remove inaccuracies from his credit report after having been asked to do so. Mr. Washington further alleges a violation of his rights under Title VII of the

Civil Rights Act of 1964, 42 U.S.C.A. § 2000e *et seq.*, and mentions class actions under Rule 23 of the Federal Rules of Civil Procedure. Mr. Washington seeks a declaration that his constitutional rights have been violated and asks that he receive "some relief."

Trans Union and Experian filed separate motions, but their arguments are the same. They say Mr. Washington can't prevail on his claims against them under 42 U.S.C. § 1983 because they're not state actors or on his claims against them under 42 U.S.C. § 2000e because Mr. Washington isn't now and never has been an employee of either company. They also argue that Mr. Washington's reference to a class action under Rule 23 is inapplicable because his complaint contains no allegations relating to any potential class claims.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right, privilege, or immunity secured by the Constitution or laws of the United States, and that the violation was committed by an individual acting under color of state law. *See* American Mfgs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1988). "While a private citizen cannot ordinarily be held liable under Section 1983 because that statute requires action under color of state law, if a private citizen conspires with a state actor, then the private citizen is subject to Section 1983 liability." Brokaw v. Mercer County, 235 F.3d 1000, 1016 (7th Cir. 2000). A private citizen may become a state actor and liable under Section 1983 if that individual has a relationship with the state or its agent and the state or its agent is aware of the participation of the private individual and 'effectively directs,

controls, or encourages the actions of a private party.'" Proffitt v. Ridgway, 279 F.3d 503, 510 (7th Cir. 2002) (*quoting* Wade v. Byles, 83 F.3d 902, 905 (7th Cir. 1996)). Mr. Washington's complaint contains no suggestion that Trans Union or Experian acted under color of state law or that either company's conduct was directed, controlled, or encouraged by any state actor. Trans Union and Experian say they're not state actors and argue that as private companies they can't be subject to liability under 42 U.S.C. § 1983. Mr. Washington hasn't challenged those statements.

Mr. Washington has alleged that he suffered discrimination based on his race, religion, and sex under Title VII. Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e(a)(1). Mr. Washington hasn't alleged any period of employment with, or that he applied and was rejected for employment by, Trans Union or Experian. The companies each represent that they're not an employer, nor were they ever a potential employer, of Mr. Washington's so can't be liable for discrimination under Title VII. Mr. Washington hasn't challenged those statements. *See* Small v. Chao, 398 F.3d 894, 897 (7th Cir. 2005) (Title VII claims dismissed because plaintiff did not, and could not, allege an employment or prospective employment relationship with any of the defendants).

The allegations of Mr. Washington's complaint are insufficient to state a claim against Trans Union and Experian for a violation of his rights under 42 U.S.C. § 1983 or 42 U.S.C. § 2000e, and to the extent he is attempting to assert a class action claim, his complaint is insufficient, as well.

Based on the foregoing,

    (a) the motion of Trans Union, LLC to dismiss Mr. Washington's claims against the company [docket # 59] is GRANTED;

    (b) the motion of Experian Information Solutions to dismiss Mr. Washington's claims against the company [docket # 61] is GRANTED;

    (c) Mr. Washington's motions to proceed with his claims against Trans Union and Experian [docket # 81 and # 84] is DENIED:

    (d) Mr. Washington's motion to dismiss his claims against American General Finance, Argent Healthcare, Credit Acceptance Corp., and State Farm Insurance [docket # 80] is DENIED as moot because his claims against those companies were dismissed on April 1, 2008 pursuant to his previous motions; and

    (e) Mr. Washington's motion to dismiss his claims against Verizon Wireless with prejudice [docket # 83] is GRANTED.

The clerk is directed to enter judgment accordingly.

    SO ORDERED.

    ENTERED:   April 22, 2008

                     /s/ Robert L. Miller, Jr.
                    Chief Judge
                    United States District Court